IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY M. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: CIV-21-681-F ) |
| OKLAHOMA OFFICE OF MANAGEMENT AND ENTERPRISE SERVICES, | ) ) ) ) |
| Defendant. | ) **Jury Trial Demanded** ) **Attorney's Lien Claimed** |

## COMPLAINT

Plaintiff Brittany M. Smith, ("Smith") for her cause of action against Defendant Oklahoma Office of Management and Enterprise Services ("OMES"), alleges and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties.

2. Venue is proper in this Court because Smith's cause of action arose within this judicial district.

### THE PARTIES

3. At all relevant times, Smith was and now is a resident of the City of Oklahoma City, Oklahoma County, State of Oklahoma.

4. At all relevant times, OMES was and now is an agency of the State of Oklahoma with its principal place of doing business in the City of Oklahoma City, Oklahoma County, State of Oklahoma.

## FACT ALLEGATIONS

5. Smith was hired by OMES on or about May 15, 2018, as a Workstation Support Specialist.

6. Throughout her employment, Smith performed her job duties and responsibilities in a more than satisfactory manner.

7. Indeed, all the feedback that Smith received in this position was positive, and she regularly received comments from users that her customer service skills were excellent and that she was effective in troubleshooting their IT issues.

8. At all relevant times, Smith was within a protected class as a pregnant female.

9. In September 2019, Smith informed her supervisor, Kevin Marbel, about her pregnancy and related work restrictions, including her not being able to lift more than 15 pounds, her need for extra break time, and her need for leave to attend doctor appointments.

10. Smith was referred to HR, after which she filed for maternity leave under the Family Medical Leave Act. The leave was approved, and she continued working in the meantime.

11. Immediately after Smith informed Marbel of her pregnancy, Smith was subjected to different treatment than that of her peers. Smith was excluded from meetings, and work for which she was the most qualified employee was directed to other employees.

12. Smith was never subjected to progressive discipline or any type of performance management.

13. On or about March 6, 2020, Smith was terminated by OMES's Director of Human Resources, Brian Jepsen.

14. Smith exhausted her administrative remedies under Title VII, in that Smith timely filed his charge of discrimination with the EEOC on or about June 17, 2020, and the notice of suit rights was issued by the EEOC on May 25, 2021. And Smith has timely commenced this lawsuit within 90 days of the EEOC's Notice of Suit Rights.

### FIRST CAUSE OF ACTION—DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

15. Smith incorporates the above paragraphs by reference.

16. Smith falls within the protected classification of Title VII of the Civil Rights Act of 1964, as amended, as a pregnant female.

17. The Pregnancy Discrimination Act, which amended Title VII, primarily prohibits discrimination on the basis of pregnancy as a medical condition and establishes that pregnant employees should be treated like other employees similar in their ability or inability to work for all employment-related purposes.

18. OMES intentionally discriminated against Smith because of her protected classification as a pregnant female treating her differently and eventually terminating her, as described above.

19. As a direct result of OMES's employment decisions and actions, Smith has suffered and continues to suffer emotional and mental distress, harm to her professional

reputation, humiliation, economic loss and an over-all loss of enjoyment of life all to her damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Smith prays for judgment against OMES as follows:

(1)   That OMES be ordered to make Smith whole by providing all the remedies and relief authorized by 42 U.S.C. § 2000e-5(g);

(2)   That OMES be ordered to pay Smith compensatory damages pursuant to 42 U.S.C. §1981(a) in an amount to be determined by the jury at the time of trial;

(3)   That OMES be ordered to reinstate Smith to her prior position at the same rate of pay and benefits under another supervisor or, in lieu of reinstatement, that OMES be ordered to award Smith front pay for a period of years as determined by the Court to be just and equitable under the circumstances;

(4)   That OMES be ordered to off-set Smith's tax liability increase as a result of obtaining back-pay in a large lump sum;

(5)   That OMES be ordered to pay Smith costs, including expert witness fees and a reasonable attorney fee pursuant to 42 U.S.C. §2000e(5)(k); and

(6)   For such other and further make-whole relief as the Court deems just and proper.

Respectfully submitted,

WARD & GLASS, LLP

s/Jonathan M. Irwin

Woodrow K. Glass, OBA #15690
Jonathan M. Irwin, OBA #32636
1601 36th Avenue, N.W.
Norman, Oklahoma 73072
(405) 360-9700 / (405) 360-7902 fax
ATTORNEYS FOR PLAINTIFF